Law Library

ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2009 APR 29 PM 2: 17

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT
OF GUAM

PEOPLE OF GUAM,                    )    Criminal Case No. CF0506-07
                                   )
                Plaintiff,         )
                                   )
        v.                         )    **DECISION AND ORDER**
                                   )    re: motion for reconsideration
ROQUE ROLAND CRUZ                  )
HERNANDEZ,                         )
                                   )
                Defendant .        )
_____)

This matter came before the Honorable Judge Michael J. Bordallo on March 19, 2009. The People were represented by Assistant Attorney General Dianne H. Corbett. Defendant was represented by Attorney Richard S. Dirkx. Having heard the arguments and reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion to reconsider.

## BACKGROUND

On October 23, 2007, Defendant was indicted for the Possession of a Schedule II Controlled Substance, a Third Degree Felony. Subsequent to his indictment , on July 14, 2008 the Defendant filed a motion to suppress evidence. The People, on July 24, 2008, filed a response in opposition to Defendant's motion arguing that Defendant's motion was inadequately specific.

Defendant filed a reply to the People's opposition on August 22, 2008. In it he disputed the insufficiency of his motion. His reply also contained factual assertions that: 1) defendant's car was stopped by police; 2) he was arrested for driving under the influence; 3) his car and the containers in his car were searched; 4) contraband was located in his car; and



5) that the police discussed the contraband with the defendant. *Reply* at 1.[1] Defendant's reply further asserts that the police report did not provide him with enough details; did not justify the warrantless search, specify the length of the search or indicate whether the vehicle was impounded. *Id.*[2]

On October 13, 2008, the court held a hearing on the above motions. In that hearing the court indicated that the Defendant would be allowed one week to submit briefs on the issue if the parties could not otherwise come to some agreement. The Defendant on October 27, 2008, filed a paper entitled, Defendant's Supplement Concerning Motion to Suppress. On November 4, 2008 the court issued an decision and order denying Defendant's motion to suppress. The court found that the Defendant had failed to demonstrate that his motion was well grounded under the facts and law. *People v. Hernandez*, CF0560-07 *Decision and Order*, 5 (November 4, 2008). The court further denied Defendant's motion because the motion gave the "appearance of a fishing expedition that borders a baseless, (and) frivolous law and motion practice." *Id.* (parenthetical inserted)

## DISCUSSION

Defendant has requested that the court reconsider it November 4, 2008 decision and order. He supports this request with the following arguments: 1) that the court did not consider his supplemental motion; 2) that the supplemental motion is sufficiently specific; and 3) that the court should not adopt the federal standard of review applied to motions to suppress. *Mot.* at 2, 5. The People have not filed a memorandum opposition to Defendant's

---

[1] Factual Assertions numbered 4 and 5 were not contained in his original motion to suppress. *Mot.* They were asserted in his Reply. *Reply* at 1.

[2] Although Defendant argues in his reply that the Government is required to justify the warrantless search of his vehicle, Defendant died not assert facts to support that the search of his vehicle was conducted without at warrant.

motion.

In Guam, neither the Guam Rules of Criminal Procedure or the Federal Rules of Criminal Procedure contain formal provisions allowing motions to reconsider. Unlike civil cases, motions for "reconsideration" in criminal proceedings are not derived from any statutes or rules, but rather, are judicial creations allowed pursuant to common law doctrine." *United States v. Healy*, 376 U.S. 75 (1964); *see also United States v. Corey*, 999 F.2d 493, 495 (10th Cir.1993).

In addressing whether a court may reconsider a decision in a criminal case, the Supreme Court of Guam has instructed:

> Under the law of the case doctrine, issues previously decided may not be reconsidered, and are binding, unless an exception to the doctrine applies. A court may depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred: 3) the evidence on remand is substantially different; 4) other changed circumstances exist: or 5) a manifest injustice would otherwise result. Failure to apply the law of the case absent one of the requisite conditions constitutes an abuse of discretion.

*People of Guam v. Gutierrez*, 2005 Guam 19 at ¶40 (internal citations omitted).

The weight of authority holds that revisiting issues already addressed and advancing arguments which were otherwise available for presentation is not the purpose of a motion for reconsideration in the criminal context. *Laguana v. Ishizaki*, 2006 WL 156955, p.4 (D. Guam 2006). *People v. Hualde*, 1999 Guam 3 at ¶17 (reconsideration of legal issues already decided in an earlier ruling absent an intervening change in law or circumstance constitutes an abuse of discretion).

In his motion the Defendant argues that the court failed to consider its supplemental motion. *Supp. Mot.* at 2. The failure to properly consider papers or arguments which were not before it is not one of the specific exceptions identified by the Guam Supreme Court. *Gutierrez*, at ¶40. Moreover, Defendant makes no attempt to argue or explain how his

request falls within the identified exceptions. *Id.* Absent such a showing the court is unwilling to consider Defendant's motion.

In the alternative, a review of the file indicates that Defendant's supplemental memoranda was not timely. Moreover the court is unpersuaded that based upon the memoranda and papers properly before the court at the time it rendered its decision the Defendant's papers were legally adequate.[3]

In the federal circuits, motions to suppress are reviewed under the following standard: "[A] defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information 'to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *U.S. v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006)(internal citations omitted); see *U.S. v. Sandoval*, 390 F.3d 1294, 1300 (10th Cir. 2004)(a motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact ... are an issue); see also *U.S. v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)(a hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue. . . . A hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality). The Eleventh Circuit has persuasively explained the standard as follows; "in short, the motion must allege facts which, if proven, would provide a basis for relief." *U.S. v. Richardson*, 764 F.2d 1514, 1528 (11th Cir. 1985). The court is

---

[3] A review of the file indicates that Defendant's supplemental motion was filed seven days outside of the one week deadline imposed upon him by the Court at the October 13, 2008 hearing. Defendant has also provided the court with no authority which permits this court to consider arguments or facts raised outside of the scope of its original motion.

not persuaded that this standard is either burdensome or prejudicial to the Defendant. To date Defendant has simply failed to properly met this low burden.

**CONCLUSION**

For the reasons above Defendant's motion for reconsideration is denied.

SO ORDERED this __ day of April 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 2 9 2009

_____
Joleen T. Cruz
Deputy Clerk, Superior Court of Guam